IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER W. McGOWEN, et al.,<br><br>Defendants. | Case No. 24-00177-01/18-CR-W-DGK |

## MOTION FOR DETENTION

Comes now the United States of America, by and through its undersigned counsel, and hereby moves this Court to order the detention of defendants Christopher W. McGowen, (01); Arthur L. Reynolds, (02); Jeremiah Z. Hahn, (03); Charles E. Smith, (04); John Travis Fisher, (05); Robert W. Miller, (06); James W. Prettyman, (07); Monty L. Mitchell, (08); Mark A. Cottman, (09); John J. Hahn, (10); Graham S. Gattis, (11); Eric M. Forysth, (12); Bryan S. Fletcher, (13); Jeffrey S. Hannah, (14); Brandon S. Hodge, (15); Alan M. Thornton, (16); Jarrid A. Hammer, (17); and Mark A. Crump, (18), and states the following in support of the motion:

1. This motion is being made at the defendants' first appearance before a judicial officer. A indictment has been filed charging five separate counts: Count One, assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3); Count Two, attempt to commit assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6); Count Three, assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3); Count Four, discharge of a firearm in furtherance of and during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and Count

Five, assault resulting in serious bodily injury in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3).

2. This case involves violations of 18 U.S.C. § 1959 (VICAR) and each defendant has been charged with at least one VICAR count. *See* 18 U.S.C. § 3142(f)(1)(A). Furthermore, Count Four carries a maximum sentence of life imprisonment. *See* 18 U.S.C. § 3142(f)(1)(B). Accordingly, a detention hearing is appropriate to determine whether any conditions imposed by the Court would reasonably assure the defendants' appearance and the safety of the community. *See* 18 U.S.C. § 3142(f).

3. There is clear and convincing evidence that there are no conditions which the Court could place on the defendants' release which would reasonably assure the safety of the community, and there is a preponderance of the evidence that no conditions which the Court could place on the defendants' release which would reasonably assure the defendants' appearance in Court. *See* 18 U.S.C. § 3142(g). Accordingly, the Court should order the defendants to be detained pending the resolution of this matter. 18 U.S.C. § 3142(e).

4. With respect to defendants McGowen, Reynolds, Smith, Miller, Prettyman, Mitchell, Cottman, John Hahn, Gattis, Forsyth, Fletcher, Hannah, and Hodge there is a rebuttable presumption that pretrial detention is appropriate. *See* 18 U.S.C. § 3142(e)(3)(B).

5. In determining whether detention is appropriate, the Court must take into account the 3142(g) factors: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence … or involves a firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person of the community that would be posed by the defendant's release.

2

The 3142(g) factors weigh in favor of detention with respect to each and every defendant. The Government anticipates addressing, in more detail, each specific factor as it relates to each specific defendant at their respective detention hearings.

6. The nature and circumstances of this offense as a whole also weighs in favor of detention. The indictment charges four discrete acts of violence committed by members of the Pagan's Motorcycle Gang. Importantly, the charge conduct goes beyond simple, garden variety assaults and instead involves the use of and attempted use of dangerous weapons (Counts One and Two), the discharge of a firearm (Counts Three and Four), and the causing of serious bodily injury (Count Five).

7. The Pagan's are a national organization that has engaged in numerous violent crimes to obtain and maintain control over other motorcycle clubs and gangs all over the United States. (Doc. 1, ¶ 4.) The Pagan's have historically tried to eliminate other motorcycle gangs completely from their territory by assaulting, robbing, extorting and sometimes attempting to murder them. (Doc. 1, ¶ 4.) The Pagan's award members for acts of violence taken on behalf and in furtherance of the enterprise through the awarding of patches to be worn on its members cuts. (Doc. 1, ¶ 8.) Pagan's members and associates maintain and enhance their status in the enterprise through these acts of violence. (Doc. 1, ¶ 9.) The purpose of the enterprise includes: preserving the power, territory, reputation, and profits of the enterprise through the use of intimidation, threats of violence, and acts of violence; having a hierarchy and organizational structure designed to reward violent and illegal behavior taken on behalf of the enterprise; keeping victims, community members, and rival motorcycle gang members in fear of the enterprise through acts of violence; providing assistance to members and associates who

3

committed crimes on behalf of the enterprise; and hindering, obstructing, and preventing law enforcement officers from identifying participants in the enterprise's criminal activity, from apprehending the perpetrators of those crimes, and from successfully prosecuting and punishing the offenders. (Doc. 1, ¶ 12.)

8. The defendants were members of a violent outlaw motorcycle gang that not only generally commits violence across the country, but also committed specific, significant acts of violence that are charged in this case. The nature and circumstances of the charged conduct, along with the other § 3142(g) factors, accordingly, weigh in favor of pretrial detention.

WHEREFORE, based on the foregoing, the United States requests that the Court hold a Detention Hearing in accordance with 18 U.S.C. § 3142(f), and following such hearing, order the detention of the defendants.

> Respectfully submitted,
>
> Teresa A. Moore
> United States Attorney
>
> By /s/Bradley K. Kavanaugh
>
> Bradley K. Kavanaugh
> Robert M. Smith
> Assistant United States Attorneys
> Violent Crime & Drug Trafficking Unit
> Charles Evans Whittaker Courthouse
> 400 East Ninth Street, Suite 5510
> Kansas City, Missouri 64106
> Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that a copy of the foregoing was delivered on August 15, 2024, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendants at their first appearance before a judicial officer.

                /s/Bradley K. Kavanaugh
                Bradley K. Kavanaugh
                Assistant United States Attorney